# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

DARWIN GAYE                                                    PETITIONER

v.                              NO. 5:09CV00351 SWW/HDY

LARRY NORRIS, Director of the                                 RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

<u>STATE COURT PROCEEDINGS</u>.  On November 13, 2006, petitioner Darwin Gaye ("Gaye") pleaded guilty in Pulaski County, Arkansas, Circuit Court to charges of rape and residential burglary in CR-2006-2226.  At the change of plea hearing, the prosecutor represented that a third charge, a charge of kidnaping, was to be nolle prossed.

On December 13, 2006, Gaye appeared in the state trial court for sentencing in CR-2006-2226.  At the outset of the sentencing hearing, he made the following request:

> Hey, Your Honor, hey, I was incapacitated when I came in that courtroom the other day [i.e., the day Gaye entered his guilty plea].  I was hearing voices, and I want to change my plea, I didn't know what I was doing.  I want to change my plea.  I hear voices, my medical records, I got my medical records, and I want to, I want to get this person in Court, [i.e., the victim of the rape], subpoena her to Court to testify against this, to see what, they're trying to railroad me, Your Honor.  I was subpoenaed as a witness to come to Court to see, I'm pleading not guilty, Your Honor, and I am not guilty of this charge.  Subpoena this woman to Court, and she need to come and tell me that I raped her.  Simple as that.

<u>See</u> Document 12, Exhibit C at 1.  After some discussion about Gaye's request, the hearing was continued until the next day.

On December 14, 2006, the state trial court judge reconvened the hearing that had been continued from the previous day.  The hearing was unusual in that the victim was called to testify.  At the close of the hearing, the state trial court judge made the following findings with regard to Gaye's request to withdraw his guilty plea:

3

The, the last hearing when we were in here [i.e., the hearing conducted the day before], you had requested to withdraw your plea and, and asked for a jury trial, and I had a time to reflect over that. Rule 26.1 of the Arkansas Rules of Criminal Procedure says a Defendant may withdraw his plea as a matter of right before it has been accepted by the Court. A Defendant may not withdraw his plea as a matter of right after it has been accepted by the Court, however, before entry of judgment, the Court in its discretion may allow the Defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so giving due considerations to the reasons advanced by the Defendant in support of his or her motion, and any prejudice the granting of a motion would cause the prosecution by reason of his actions taken in reliance upon the Defendant's plea. A plea of guilty or no contest may not be withdrawn after, under this rule, after entering judgment.

I, I reflected upon this, and there's, two things is at the time of the hearing [i.e., the November 13, 2006, hearing at which Gaye pleaded guilty], you said that you had been somewhat psychotic. That you heard things, voices, and I've looked at the transcript of this case, and I remember the day that we took that plea that you were perfectly stable, that you responded appropriately to all of the questions, you, you had [the] chance to discuss it with [counsel], filled out the plea statement, and we had an examination by the Arkansas State Hospital where they, they've found that you're mentally capable of understanding what was going on, and that you were competent at the time. And, I think that in this situation given the age of the victim, I think it would be an undue hardship to withdraw this plea and, and to go to a jury trial. So, I'm going to deny that motion, and what I'm going to do is, just a second, set this down for a sentencing date to give us time to reflect upon all of this and according to [counsel's] schedule.

See Document 12, Exhibit D at 38-39. The sentencing hearing was then re-scheduled.

Before recessing, Gaye asked to re-visit the issue of his mental competency at the time of the events giving rise to the offenses charged in CR-2006-2226. The state trial court judge rejected Gaye's request, reminding him that the issue had already been resolved.

On January 18, 2007, Gaye was sentenced in CR-2006-2226 to sixty years in prison for rape, fifteen years for residential burglary, and fifteen years for kidnaping, the terms of imprisonment to be served consecutively.  For some reason, he was sentenced for kidnaping despite the prosecutor's representation that it would be nolle prossed.  The Judgment and Commitment Order was entered on the docket on January 24, 2007.

Gaye then filed a state appellate court motion to proceed with a belated appeal, a submission that the Arkansas Supreme Court found to be procedurally unavailable.  Specifically, the state Supreme Court found the following:

> Pursuant to Ark. R.App. P.-Crim. 1, there is ordinarily no right to appeal from a judgment entered on a plea of guilty.  The exceptions are: a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Ark.R.Crim.P. 24.3(b); when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; when the appeal is from a post-trial motion challenging the validity and legality of the sentence itself.  [Citations omitted].  Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty.  [Citations omitted].

> The partial record lodged by [Gaye] with respect to his motion does not support [his] claim that he was found guilty in a trial to the court.  The record consists only of the judgment of conviction, the face of which unequivocally provides that a plea of guilty was entered.  The judgment does not reflect that the plea fell within any of the recognized exceptions that allow an appeal.  As [Gaye] has failed to present a record that demonstrates that he was entitled to pursue an appeal, the motion for belated appeal is denied.

See Gaye v. State, 2007 WL 3105073 at 1 (Ark.S.Ct. October 25, 2007).

On March 13, 2008, Gaye filed a state trial court petition for a writ of error coram nobis.  In the petition, he maintained that he was compelled to plead guilty to the offenses charged in CR-2006-2226 and that the denial of his request to withdraw his plea was erroneous.  He also maintained that his trial attorney failed to provide adequate representation.  Gaye's petition is also enlightening because it contained the following assertion: "That on or about December 13, 2006, and prior to sentencing, [I] realized that [I] made a mistake, and requested that the trial court[] give [me] a jury trial so that [I] could confront [my] accuser[]."  See Document 12, Exhibit G at 3.  The state trial court judge denied the petition, specifically finding the following:

> In his motion, [Gaye] claims that [the] trial court abused its discretion and forced [him] into a coerced guilty plea.  However, [he] reviewed his plea statement with the Court and affirmatively agreed that he understood that his plea of guilty was a waiver of his right to a trial by jury and of the right to appeal to the Arkansas Supreme Court and that the plea of guilty had not been induced by any force, threat, or promise apart from the plea agreement.  [Gaye] further agreed that he was aware of everything in the plea statement and fully understood what his rights were, and voluntarily pleaded guilty because he was guilty as charged.  There are no statements in [his] Motion that allege a "coerced" plea but instead the arguments stem from the fact that [he] was not allowed to withdraw his guilty plea.  The Court gave full consideration to the Motion to Withdraw the Guilty Plea and even passed the sentencing date.  The Motion was considered by the Court and denied.  The denial of a Motion to Withdraw a Guilty Plea is not equivalent to a coerced guilty plead and should not be treated as such. …

See Document 12, Exhibit H at 2.

Gaye appealed the denial of his petition for a writ of error coram nobis.  In doing so, he filed two submissions.  On February 5, 2009, the state Supreme Court used the occasion of addressing those submissions to reject his appeal because it was clear that he could not prevail.  Specifically, the state Supreme Court found the following:

> An appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. [Citation omitted].  Here, [Gaye] has failed to provide a record sufficient to show that the trial court erred.  This court has repeatedly stated that it is the appellant's burden to bring up a record sufficient to demonstrate that the trial court was in error, and where the appellant fails to meet its burden, this court has no choice but to affirm the trial court.  [Citation omitted].

> The record before us contains the order dismissing [Gaye's] petition for writ of error coram nobis, but it does not contain the petition that the order addressed.  The only petition contained in the record is marked as filed on July 8, 2008, after the order appealed was entered.  [Footnote omitted].  [He] has not filed a motion for writ of certiorari that requests the petition addressed by the order be brought up.  As [he] cannot prevail, we dismiss the appeal, and the motions are therefore moot.

See Gaye v. State, 2009 WL 277663 at 1 (Ark.S.Ct. February 5, 2009).

FEDERAL COURT PLEADINGS.  On November 8, 2009, Gaye commenced the proceeding at bar by signing his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254.  A summary of the claims advanced in the petition is not easy; the summary provided by respondent Larry Norris ("Norris") appears to be accurate and is as follows:

In his pending petition, [Gaye] alleges that he is incarcerated in violation of his constitutional rights under the Sixth and Fourteenth Amendments because he was denied the right to a jury trial.  Specifically, he claims that, because an unscheduled hearing was had on December 14, 2006, he was denied his right to be present at all critical stages of the proceedings, that the court used a procedural rule, Ark.R.Crim.P. 26.1, to diminish his right to a jury trial, that his plea was not knowingly and voluntarily made because of the psychotropic medications he was taking, that the trial court's explanation of the undue hardship on the victim in conjunction with Ark.R.Crim.P.26.1 defies due process, and that his Sixth and Fourteenth Amendment rights were violated when he was sentenced to count three, kidnaping, when it was to be nolle prossed pursuant to the plea agreement.  [Gaye] also alleges that he was denied procedural and substantive due process because he was incompetent to stand trial and that the trial court should have conducted a competency hearing.  …

See Document 12 at 3.

Norris subsequently submitted a response to Gaye's petition and asked that it be dismissed.  Norris maintained the petition is barred by limitations and, alternatively, that the claims contained in it are procedurally barred from federal court review.

At the invitation of the undersigned, Gaye submitted a reply to Norris' response. Liberally construing his pro se reply, it appears that Gaye offered two reasons why his petition and the claims contained therein should be considered.  First, he appeared to maintain that he suffers from a mental defect which prevented him from presenting the claims at bar to the state courts of Arkansas.  Second, he maintained that his trial attorney failed to provide adequate representation.  Gaye joined his reply with the pending motion for appointment of counsel.  See Document 16.

LIMITATIONS.  A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254.  If he does not file his petition within that year, it is forever barred.  28 U.S.C. 2244(d) identifies the events that trigger the commencement of the one year period; it is the latest of the following: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The undersigned has thoroughly reviewed the record.  The undersigned is convinced that the triggering event in this instance is found in sub-section (A), that being, the event that triggered the commencement of the one year period in this instance was the date on which the judgment in CR-2006-2226 became final by the expiration of the time for seeking for seeking direct review.[1]

---

[1]

Sub-section (B) does not apply because there was never any impediment preventing Gaye from filing a petition pursuant to 28 U.S.C. 2254.  Sub-section (C) does not apply because the constitutional rights asserted by him in the petition at bar have long been recognized by the United States Supreme Court. Sub-section (D) does not apply because he has been aware of the factual predicate of his claims since he first attempted to withdraw his guilty plea on December 14, 2006.

On what date did the time for seeking direct review expire? Gaye pleaded guilty to the offenses charged in CR-2006-2226 on November 13, 2006.  Although he subsequently attempted to withdraw his plea and proceed to trial, his attempt was rejected.  He was sentenced on January 18, 2007, and the Judgment and Commitment Order was entered on the docket on January 24, 2007.  Because Gaye pleaded guilty, he was precluded from pursuing an appeal, a point clearly made by the state Supreme Court in denying his motion to proceed with a belated appeal.  In light of the fact that he could not seek direct review of his conviction after January 24, 2007, his conviction became final as of that date.

Did Gaye file the petition at bar within one year of January 24, 2007? Clearly, he did not.  He signed his petition on November 8, 2009, or approximately thirty-four months after his conviction became final, and the petition was not filed until November 10, 2009.  The only question is whether the period of time between January 24, 2007, and November 8, 2009, was tolled.

28 U.S.C. 2244(d) provides for the tolling of the one year period for the time during which a "properly filed" petition for post-conviction relief or other collateral review is pending.  See 28 U.S.C. 2244(d)(2).  "[A petition] is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings' under state law."  See Wright v. Norris, 299 F.3d 926, 928 (8th Cir. 2002) [quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)].

The only post-conviction submission filed by Gaye was the state trial court petition for a writ of error coram nobis that he filed on March 13, 2008.[2]   The undersigned need not determine whether that submission was a properly filed petition for post-conviction relief because the one year period expired on January 24, 2008, or approximately two months <u>before</u> he filed his state trial court petition for a writ of error coram nobis.   Because the one year period expired <u>before</u> the submission of the state trial court petition for a writ of error coram nobis, the submission did nothing to revive the one year period and is of no consequence in determining whether the petition at bar was filed in a timely manner.

Notwithstanding the foregoing, the one year period for filing a petition pursuant to 28 U.S.C. 2254 can be equitably tolled if certain circumstances exist.   In <u>Finch v. Miller</u>, 491 F.3d 424, 427-428 (8th Cir. 2007), the Court of Appeals outlined what those circumstances are:

> "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."
> …   "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."
> …   "Equitable tolling is an exceedingly narrow window of relief."   …

---

[2]

It should be noted that the state appellate court motion to proceed with a belated appeal filed by Gaye cannot be construed as a post-conviction submission for purposes of 28 U.S.C. 2244(d).   First, the motion was not a post-conviction petition but was rather an attempt to prosecute a direct appeal.   Second, the motion was not properly filed.

The undersigned has examined Gaye's submissions and, in doing so, has given them a liberal construction. The undersigned can find nothing in those submissions to justify tolling the one year period. Despite his assertion that he suffers from a mental defect, he has been voicing objections to the events surrounding his guilty plea since December 13, 2006, or a mere one month after he entered the plea, and nothing prevented him from filing a timely petition. He surely knew, as he represented in his state trial court petition for a writ of error coram nobis, that he had made a mistake in pleading guilty but simply waited too long to file a petition pursuant to 28 U.S.C. 2254.

Given the foregoing, the undersigned finds that Gaye filed the petition at bar outside the one year period established by 28 U.S.C. 2244(d). His petition is therefore barred by limitations and should be denied for that reason.

PROCEDURAL BAR. In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in state court, that is, if he was aware of the claim but failed to present it to the state courts in accordance with the procedural rules established by the state. The foregoing includes the requirement that a petitioner must prosecute an appeal of any adverse ruling to the highest court in the state. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998); Williamson v. Jones, 936 F.2d 1000 (8th Cir. 1991). The exception to this rule permits the claim to be considered if he can show cause and prejudice.

12

In the petition at bar, Gaye has raised several claims related to his guilty plea. He raised one or more of the claims at bar in the state trial court and obtained a ruling on them. Specifically, he raised one or more of the claims in asking that his guilty plea be withdrawn and in his state trial court petition for a writ of error coram nobis. In both instances, the state trial court judge addressed and rejected the claims. Sadly, none of those claims, and none of the claims at bar, were properly presented to the state appellate courts.[3] Although it appears likely that he raised one or more of the claims at bar in his state appellate court motion to proceed with a belated appeal, the claims were not addressed on the merits as the motion was denied on a procedural ground.

Given the foregoing, the undersigned finds that Gaye procedurally defaulted in litigating the claims at bar. The only question is whether he can show cause and prejudice for his default.[4]

---

[3]

Gaye was precluded from pursing a direct appeal of his guilty plea and, thus, the state appellate court could not review the rejection of his request to withdraw his guilty plea. In addition, he failed to properly pursue an appeal of his petition for a writ of error coram nobis, thus depriving the appellate court of a chance to consider the claims.

[4]

With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986). One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488. There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Id. at 496.

Liberally construing Gaye's <u>pro</u> <u>se</u> reply, he first appears to maintain that he suffers from a mental defect which prevented him from presenting the claims at bar to the state courts of Arkansas.  The record certainly suggests that he has experienced a number of health issues, some of which may have been mental health issues. Nevertheless, his assertion of a mental defect cannot serve as cause for his procedural default.  Despite his mental defect, he has been voicing objections to the events surrounding his guilty plea since December 13, 2006, or a mere one month after he entered the plea.  Gaye attempted to raise his objections in asking that his guilty plea be withdrawn, in his state appellate court motion to proceed with a belated appeal, and in his state trial court petition for a writ of error coram nobis.  Sadly, though, he never obtained a ruling on the merits of any of his claims from a state appellate court.  There is nothing in the record to suggest that his failure to obtain such a ruling was due in any way to his mental defect.

Gaye additionally maintains that his trial attorney failed to provide adequate representation.  Although ineffective assistance of counsel can serve as cause for a procedural default, the claim must first be presented to the state courts as an independent claim.  <u>See</u> <u>Leggins v. Lockhart</u>, 822 F.2d 764 (8th Cir. 1987).  The record reflects that Gaye never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas.  Consequently, his assertion of ineffective assistance of counsel cannot serve as cause for his procedural default.

Liberally construing Gaye's pro se petition, he appears to allege that he is actually innocent of the offenses.  Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of otherwise barred claims.  See Schlup v. Delo, 513 U.S. 298 (1995).  The undersigned is not convinced, however, that Gaye has made that showing.  Specifically, he has not come forward with "new evidence of factual innocence."  See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring).  Thus, he cannot use the Schlup v. Delo "gateway" to obtain judicial review of these claims.

Given the foregoing, the undersigned finds that Gaye procedurally defaulted in litigating the claims at bar because he never pursued them to a final resolution in the state appellate courts.  The undersigned also finds that he cannot show cause for his procedural default.  Accordingly, the undersigned finds that the claims at bar are procedurally barred from federal court review, and his petition containing the claims should be denied for that reason.

GAYE'S SENTENCE FOR KIDNAPING.  In addition to the foregoing, the sentence Gaye received for kidnaping warrants additional consideration.  At the change of plea hearing, the prosecutor represented that the charge of kidnaping was to be nolle prossed.  Nevertheless, Gaye was later sentenced on the charge.  At first blush, the sentence appears problematic; upon closer review, and for the following reasons, he is entitled to no relief for any alleged sentencing error.

First, the record is silent as to what transpired with regard to the charge of kidnaping between the change of plea hearing and the sentencing hearing.  It is not impossible that something occurred between the hearings, something that caused the prosecutor to pursue the charge of kidnaping.

Second, with regard to the limitations question, Gaye knew, or should have known, of the alleged sentencing error on January 18, 2007, the day he was sentenced. He did nothing in federal court, though, until he filed the petition at bar approximately thirty-four months after he knew or should have known of the alleged sentencing error.

Last, with regard to the procedural bar question, Gaye knew, or should have known, of the alleged sentencing error in sufficient time to present it to the state courts of Arkansas for consideration.  Sadly, he never properly presented the claim.

MOTION FOR APPOINTMENT OF COUNSEL.  Gaye has also filed a motion for appointment of counsel.  See Document 16.  It is well-settled that there is neither a "constitutional nor statutory right to counsel in habeas proceeding; instead, it is committed to the discretion of the [district] court." See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).  This case is neither factually nor legally complex, and no amount of skillful advocacy can change the outcome.  The undersigned is convinced that Gaye's petition is barred by limitations and that the claims contained in his petition are procedurally barred from federal court review.  Accordingly, the undersigned recommends that his motion for appointment of counsel be denied.

RECOMMENDATION.  On the basis of the foregoing, the undersigned recommends that Gaye's petition be denied.  All requested relief should be denied, and judgment should be entered for Norris.

DATED this ___5___ day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE